[Civ. No. 45279. First Dist., Div. Two. July 27, 1979.]

SIERRA CLUB, INC., Plaintiff and Appellant, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent.
WILLIAM MOORES, Real Party in Interest and Respondent.

496

## COUNSEL

Laurens H. Silver for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Raymond & Stanton and Robert L. Raymond for Real Party in Interest and Respondent.

## OPINION

**ROUSE, J.**—Plaintiff, Sierra Club, Inc., appeals from an adverse judgment in favor of William Moores, doing business as Moores

Associates (Moores), the California Coastal Commission (Commission) and the North Coast Regional Commission (regional commission). The primary issue presented is whether the developer of a real estate project is an indispensable party to an action brought by a third party to set aside a permit authorizing the project.

The record reveals that on January 26, 1978, plaintiff, Sierra Club, Inc., commenced this action by filing a petition for a writ of mandate against the regional commission and the commission. The petition alleged that on November 13, 1977, the regional commission granted to Moores a permit authorizing a 42-lot subdivision and the construction of 16 condominium units in a scenic area of the coast; that plaintiff had objected to the granting of the permit and thereafter appealed the regional commission's decision to the commission; and that on November 29 or 30, 1977, the commission voted to decline to hear plaintiff's appeal on the ground that it raised no substantial issue. Plaintiff alleged that the regional commission's finding and declaration that the proposed development conformed to section 30250 of the Public Resources Code were unsupported by substantial evidence and contrary to law and that the commission had abused its discretion in concluding that plaintiff's appeal had raised no substantial issue. Plaintiff sought a writ of mandate setting aside the decisions by both the regional commission and the commission.

On March 7, 1978, plaintiff filed an amended petition which differed from the original petition only in that it named Moores, the developer of the project, as the real party in interest.

On March 20, 1978, Moores moved for judgment on the pleadings and for dismissal of the action. This motion was based upon the ground that any cause of action against Moores was barred by section 30801 of the Public Resources Code, since it had not been commenced within 60 days of the commission's decision. It was also alleged that Moores was an indispensable party to the action and that dismissal should therefore be granted in favor of the regional commission and the commission as well as Moores.

Following the filing of extensive points and authorities by the parties, the court granted the motion, rendered judgment on the pleadings in favor of Moores and granted a dismissal without prejudice in favor of Moores, the regional commission and the commission. Plaintiff filed a timely notice of appeal from the judgment.

Section 30801 of the Public Resources Code provides that any aggrieved person may obtain review of a decision by a regional commission or by the commission by filing a mandamus action, pursuant to section 1094.5 of the Code of Civil Procedure, within 60 days after such decision has become final.

In this instance, plaintiff commenced its action against the regional commission and the commission within the required 60-day period, but failed to include the developer, Moores, as a party to the action until well after the 60 days had expired. This raises the question whether such omission constituted a sufficient basis for dismissal of the action.

■ Plaintiff's first contention on appeal is that dismissal of the action was improper because Moores was not an indispensable party; further, that even if Moores was an indispensable party, the court was in error in determining that plaintiff's failure to make Moores a party within the required 60-day period deprived the court of subject matter jurisdiction.

This latter argument is somewhat misleading, since it presupposes that the trial court dismissed the action on the basis that plaintiff's failure to join Moores in a timely fashion deprived the court of subject matter jurisdiction. There is nothing in the record to support such assertion. An examination of the memorandum of points and authorities filed in the trial court demonstrates that Moores has never claimed a lack of subject matter jurisdiction, but merely asked that the trial court dismiss the action as an "exercise of discretion."

Section 389 of the Code of Civil Procedure, which sets forth the rules governing the compulsory joinder of parties, requires the joinder of "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action . . . if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . ."

Subdivision (b) of that statute provides that "If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court

shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder."

■ Failure to join an "indispensable" party is not "a jurisdictional defect" in the fundamental sense; even in the absence of an "indispensable" party, the court still has the power to render a decision as to the parties before it which will stand. It is for reasons of equity and convenience, and not because it is without power to proceed, that the court should not proceed with a case where it determines that an "indispensable" party is absent and cannot be joined. (*Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 364 [140 Cal.Rptr. 744].)

The *Kraus* court expressed the view that section 389 of the Code of Civil Procedure, even before it was amended to its present form in 1971, had never provided that the absence of an indispensable party deprived a court of subject matter jurisdiction. (P. 365.) The court further observed that any possible doubts on that subject had been eliminated in 1971 when the statute was amended to conform to rule 19, Federal Rules of Civil Procedure. (Pp. 364-365.) The court noted that the cases construing the federal rule had consistently held that it was for discretionary and equitable reasons, and not for any lack of jurisdiction, that the court may decline to proceed in the absence of an indispensable party. (P. 368.)

We concur with the conclusion of the *Kraus* court that section 389 does not now provide, and never has provided, that the absence of an indispensable party deprives a court of subject matter jurisdiction. Rather, the decision whether to proceed with the action in the absence of a particular party is one within the court's discretion, as governed by the various factors enumerated in subdivision (b) of section 389, Code of Civil Procedure.

■ Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party. (*Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516, 522 [106 P.2d 879].)

In *Greif* v. *Dullea* (1944) 66 Cal.App.2d 986 [153 P.2d 581], a mandamus action was brought against the San Francisco Police Chief and the Board of Permit Appeals to compel them to set aside their decisions that the Yellow and Checker Cab Co. (Yellow Cab) would be permitted to operate 500 taxicabs in San Francisco. The action, which was brought by a competing taxicab company and a union, did not name Yellow Cab as a party. However, following the rendition of a judgment in favor of the plaintiffs, Yellow Cab moved to vacate the judgment on the ground that it was an indispensable party to the action. The trial court denied this motion, and Yellow Cab appealed. The appellate court concluded that, if the plaintiff or petitioner prays for the cancellation of a legal right in a certificate, permit or license issued in the name of and being the property of a third person, such person is an indispensable party to the action. The court went on to hold that Yellow Cab was clearly an indispensable party, since the purpose of the mandamus action was to set aside and cancel Yellow Cab's permit to operate a specific number of taxicabs. (P. 994.)

Factually, the case before us involves a situation which is virtually indistinguishable from *Greif* v. *Dullea, supra.* The precise relief which plaintiff here sought to obtain in its mandamus action was to set aside Moores' permit to undertake certain construction. Obviously, a decision which was favorable to plaintiff would directly affect, and undoubtedly injure, Moores' interests.

Looking to the language of section 389 of the Code of Civil Procedure, we conclude that Moores fulfilled the requirements of both paragraphs (1) and (2) of subdivision (a). Moores was a party in whose absence complete relief could not be accorded to those already parties, within the meaning of paragraph (1), since Moores would not be bound by any judgment adversely affecting his permit and would be free to collaterally attack any such judgment. Likewise, Moores met the requirements of paragraph (2), since he claimed an interest relating to the subject of the action and was so situated that the disposition of the action in his absence might impair his ability to protect that interest or leave any of the persons already parties (the regional commission and the commission) subject to a substantial risk of incurring inconsistent obligations by reason of

Moores' claimed interest. The requisite factors enumerated in subdivision (b) of the statute were also present, since it is evident that a judgment in favor of plaintiff would be prejudicial to Moores and that such a judgment might well be inadequate since subject to collateral attack by Moores. ■ Accordingly, we conclude that the trial court was correct in determining that Moores was an indispensable party within the meaning of section 389 of the Code of Civil Procedure, and that dismissal of the action was the appropriate procedure.

Plaintiff raises the additional argument that even if Moores was an indispensable party, plaintiff was under no obligation to join Moores at the very inception of the action; that it was sufficient that plaintiff ultimately named Moores as a party when plaintiff filed its amended mandamus petition. This argument ignores the 60-day statute of limitations in which plaintiff can commence an action challenging a decision by the regional commission or commission. That period had expired when plaintiff made Moores a party to said action. The argument also ignores the fact that Moores raised the statute of limitations in his points and authorities memorandum which he filed in the trial court and wherein he vigorously asserted that he was no longer amenable to suit after the 60-day period had run.

Subdivision (b) of section 389, Code of Civil Procedure, authorizes dismissal of an action where a person determined to be indispensable "cannot be made a party." We have already concluded that Moores was properly found to be an indispensable party. Obviously, Moores could not be made a party to the action, since the statute of limitations had run and Moores was unwilling to waive that defense.

Plaintiff cites *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526 [124 Cal.Rptr. 370], for the proposition that joinder of necessary parties may be accomplished after the expiration of the statute of limitations. That case actually stands for a contrary proposition. There, the appellate court held that a wife's complaint in a personal injury action could not be amended to add the husband as an additional plaintiff and set forth his cause of action for loss of consortium, since the statute of limitations for commencing such an action had run. In so holding, the court reaffirmed the rule that once the statute of limitations has passed as to other possible plaintiffs, a defendant is entitled to dismiss them from his considerations. (P. 534.) The same rule applies to defendants. In *Thompson v. Palmer Corporation* (1956) 138 Cal.App.2d 387, 396 [291 P.2d 995], the court so held, stating, "The filing of the original complaint stopped the running of

the statute of limitations only as to those who were parties defendant at the time it was filed; it did not stop the running of the statute in favor of 'Bob'N Del, a corporation.' The filing of the amended complaint was the commencement of a new action as to 'Bob'N Del, a corporation,' and it was barred by the statute."

■ Plaintiff contends that dismissal of the action was inconsistent with the remedial purposes of the California Coastal Act of 1976 (Pub. Resources Code, §§ 30000-30900). Plaintiff cites no authority in support of this argument and also advances no persuasive reasoning. The fact is that section 30801, which prescribes the 60-day statute of limitations, is a part of the California Coastal Act of 1976; therefore, it should be enforced as fully as any other provision of the act. There is nothing unreasonable in the imposition of a 60-day statute of limitations. Once a developer has fully complied with all of the requirements of the act and has obtained a permit, he should not be required to postpone construction for prolonged periods of time while awaiting the commencement of litigation which seeks to challenge the legality of his proposed development.

Plaintiff also argues that the statute of limitations was equitably tolled by the filing of the original mandamus petition against the regional commission and the commission. Why? Because, argues plaintiff, it will have no remedy if dismissal of the action is upheld. Plaintiff also claims that Moores was in no way prejudiced by being named as a party within 40 days after the filing of the original petition. These contentions are without merit.

Although the case was thoroughly briefed in the trial court, plaintiff did not raise the doctrine of equitable tolling, hence the trial court had no opportunity to determine whether or not it was applicable. ■ It is settled that a party may not raise a new theory for the first time on appeal (*People* v. *Pacific Employers Ins. Co.* (1973) 36 Cal.App.3d 296, 301 [111 Cal.Rptr. 350]) because to permit him to do so would not only be unfair to the trial court but manifestly unjust to the opposing litigant. (*Ernst* v. *Searle* (1933) 218 Cal. 233, 240-241 [22 P.2d 715].)

■ Even if plaintiff had raised the issue in the trial court, we find that the doctrine of equitable tolling is inapplicable for at least two reasons. First, the doctrine applies only in a situation where the plaintiff commences a second action which is in reality a continuation of an earlier action " 'involving the same parties, facts, and cause of action. . . .' "

(*Tannhauser* v. *Adams* (1947) 31 Cal.2d 169, 177 [187 P.2d 716, 5 A.L.R.2d 1015].) Here, the very crux of the problem is that the parties to the original petition and the amended petition were *not* the same, since Moores, although an indispensable party, was not named a party in the original petition.

Second, in *Addison* v. *State of California* (1978) 21 Cal.3d 313, 319 [146 Cal.Rptr. 224, 578 P.2d 941], upon which plaintiff itself relies, the court pointed out that the application of the doctrine of equitable tolling requires "reasonable and good faith conduct on the part of the plaintiff." In this instance, plaintiff has never attempted to explain, either here or in the trial court, why Moores was not named as a party in the original mandamus petition. The possibility that this omission was the result of an oversight would appear to be eliminated by the following facts: The Sierra Club (plaintiff in this case) was a plaintiff in *League To Save Lake Tahoe* v. *Tahoe Reg. Plan. Agcy.* (9th Cir. 1977) 558 F.2d 914. All plaintiffs in that action were represented by counsel for the Sierra Club Legal Defense Fund. (P. 915.) The primary issue on appeal in that case was whether the developers of various projects had properly been dismissed as parties defendant in an action which alleged that the Tahoe Regional Planning Agency had violated an interstate compact by approving the developers' projects. There, the plaintiffs argued, on appeal, that the developers had been improperly dismissed as defendants. The court of appeals agreed, pointing out that if the plaintiffs were successful in the action, they would have the right to prohibit construction of the developers' projects; that if the developers were not present in court, they would not be bound by any decree of invalidity; and that joinder of the developers would make it possible to afford complete relief to the plaintiffs and to prevent the possibility of multiple lawsuits. (Pp. 917-918.) Obviously, since the same counsel represented the Sierra Club both here and in the *League To Save Lake Tahoe* case, he must have been aware of the various factors which made it appropriate that Moores, as the developer of the project under attack, be joined as a party.

We note, also, that plaintiff has not complied with the provisions of subdivision (c) of section 389, Code of Civil Procedure, which requires that "A complaint . . . shall state the names, if known to the pleader, of any persons as described in paragraph (1) or (2) of subdivision (a) who are not joined, *and the reasons why they are not joined.*" (Italics supplied.) Although Moores was clearly such a party, it appears that no attempt was made to explain plaintiff's failure to join him. We must conclude, therefore, that, even had plaintiff raised the doctrine of equitable tolling

of the statute of limitations in the trial court, plaintiff could not have established that its failure to make Moores a party prior to the expiration of the 60-day period was the result of reasonable and good faith conduct on its part.

The judgment is affirmed.

Taylor, P. J., and Miller, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1979.