[No. A040595. First Dist., Div. Four. Jan. 10, 1989.]

BERESFORD NEIGHBORHOOD ASSOCIATION et al., Plaintiffs and Appellants, v.
CITY OF SAN MATEO, Defendant and Respondent.

1182

## COUNSEL

Albert E. Polonsky for Plaintiffs and Appellants.

Roy C. Abrams, City Attorney, for Defendant and Respondent.

## OPINION

**PERLEY, J.**—Plaintiffs Beresford Neighborhood Association and Leslie Hedden (collectively, appellants) appeal from the judgment entered in favor of defendant City of San Mateo (the city) after the trial court sustained the city's demurrer to appellants' first amended complaint and denied leave to amend. We affirm.

## I.  Facts

At a public hearing on May 4, 1987, the San Mateo City Council (city council) unanimously granted the application of Rotary Hacienda, Inc. (Hacienda) for certification of an environmental impact report, various permit approvals, a zoning variance, and general plan amendments for a senior citizens housing project (the project) on a parcel of land (the site) owned by the San Mateo City School District (the school district). The permits and the variance were approved subject to 66 conditions. A footnote to entries in the minutes of the May 4, 1987, city council meeting concerning Hacienda's application states that: "This is a final decision concluding all administrative proceedings. Judicial review may be had only if a petition is filed with the Court not later than the 90th day following the date the decision is made."

In May of 1987, the city had the right to purchase the site under a contract with the school district. The city could assign its rights under the contract, and the school district acknowledged in the contract that an assignment to the San Mateo Redevelopment Agency (the redevelopment agency) was contemplated. On May 18, 1987, the city council authorized purchase of the site with redevelopment agency funds, and approved an ordinance rezoning the site in accordance with Hacienda's application. At the time, the city was still in the process of negotiating an agreement for transfer of the site to Hacienda.

On August 3, 1987, 90 days after the May 4, 1987, city council meeting, appellants filed a complaint seeking declaratory and injunctive relief and a writ of mandate against the city, alleging various improprieties associated with the city's purchase of the site, and the zoning and planning approvals for the project. On September 2, 1987, 121 days after the May 4, 1987, city council meeting, appellants filed a first amended complaint and served it on the city. The amended complaint, which names only the city and fictitious parties as defendants, includes 18 separate grounds for relief.[1] The trial court sustained the city's demurrer without leave to amend, ruling that no causes of action were stated because appellant had failed to comply with applicable statutes of limitation and had not joined indispensable parties.

---

[1] Appellants' claims are hereinafter referred to by lettered subparagraphs as they appear in paragraph 20 of the first amended complaint.

## II. DISCUSSION

### A. *Claims Involving the Environmental Impact Report, Permits, the Zoning Variance and the General Plan*

Appellants concede that their claims under subparagraph (d) relating to the environmental impact report are barred by the 30-day statute of limitations under Public Resources Code section 21167, subdivision (c).

Government Code section 65907, subdivision (a)[2] provides in pertinent part that "any action or proceeding to attack, review, set aside, void, or annul any decision of matters listed in Sections 65901 and 65903, or concerning any of the proceedings, acts, or determinations taken, done, or made prior to such decision, or to determine the reasonableness, legality, or validity of any condition attached thereto, shall not be maintained by any person unless the action or proceeding is commenced within 90 days and the legislative body is served within 120 days after the date of the decision." Matters listed in section 65901 include "applications for conditional uses or other permits," and "applications for variances from the terms of the zoning ordinance." ■ The city was not served within 120 days of its May 4, 1987, decisions approving the permits and residential planned development variance sought by Hacienda, and establishing the conditions for such approval. The claims set forth in subparagraphs (k) (improper variance) and (r) (challenging condition for approval) are therefore barred by section 65907. Appellants' claims under subparagraph (c) are likewise barred under section 65907 insofar as they challenge the right of a nonowner to apply for permits and a variance.

■ Subparagraph (l) alleges that the city's actions on the project are void because "various elements" of the city's general plan are "inadequate." Under section 65009, subdivision (c)(1), actions attacking the adequacy of a general plan must be served on the legislative body within 120 days of a decision to amend the general plan. Service in this case was effected 121 days after the general plan amendments were adopted. Therefore, the claim under subparagraph (l) is also time-barred.

■ Appellants argue that the city should be prevented from relying on these statutes of limitation because its May 4, 1987, notice stated that judicial review of decisions with respect to Hacienda's application would not be available unless a court petition was filed within 90 days. Appellants cannot plausibly claim that they failed to effect timely service because they

---

[2] Unless otherwise indicated, all further statutory references are to the Government Code.

were misled by this notice. The notice did not indicate that a timely filing would be sufficient to secure judicial review. It did not purport to address any other requirements for maintaining a legal action, nor did it state that failure to comply with such requirements would be excused. We therefore conclude that the city is not equitably estopped from invoking the applicable statutes of limitation.

### B. *Zoning Claims*

██ The claims advanced by appellants in subparagraphs (a), (e), (f), (g), (h), (i), (j), (m), and (n) involve zoning for the project. Subparagraph (c) also involves zoning insofar as it challenges the right on a nonowner to apply for rezoning and a senior citizen overlay. The city contends that all of these claims are barred by section 65009, subdivision (c)(2), which applies a 120-day deadline for service to actions for review of "the decision of a legislative body to adopt or amend a zoning ordinance." In this case, although the zoning ordinance was introduced at the May 4, 1987, city council meeting, it was not adopted by the city council until May 18, 1987. For purposes of section 65009, the zoning amendment "decision" did not occur until the ordinance was adopted. Accordingly, appellants zoning claims are not barred by untimely service under section 65009.

The city argues that the "decision" occurred on May 4, 1987, because a public hearing on the project was held on that date and the city's notice indicated that "May 4th is the date of the decision." The notice, however, covered "administrative proceedings" rather than zoning legislation, and in any event we fail to see how the state statute of limitations could be varied by the city's May 4 notice and hearing. The city also appeals to language in section 65009, subdivisions (a)(1) and (a)(2) explaining the short statute of limitations in terms of the "housing crisis in California" and the "chilling effect" of legal challenges to zoning decisions. This language supports the conclusion that service is untimely even if it is only one day late, but it does not change our conclusion with respect to appellants' zoning claims. We are aware of no requirement that a city adopt a zoning ordinance within 120 days of its introduction. If introduction of a zoning ordinance is the "decision" for purposes of section 65009, then parties seeking to challenge an ordinance could be placed in the position of having to file suit before it is adopted. We do not believe that the legislature intended to create such an anomaly when it enacted section 65009, and therefore reject the city's argument.

██ In addition to raising the statute of limitations, the city demurred to appellants' zoning claims on the ground that the first amended complaint

failed to name Hacienda as a defendant. Citing *Sierra Club, Inc.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 495 [157 Cal.Rptr. 190], the city argues that Hacienda is an indispensable party for purposes of these claims, and that the claims must be dismissed because the developer was not joined prior to expiration of the statute of limitations. The developer in *Sierra Club* had received a permit from the California Coastal Commission to construct a condominium project. After an unsuccessful appeal to the North Coast Regional Commission, the Sierra Club petitioned for a writ of mandate against the commissions to set aside the permit. The action was subject to a 60-day statute of limitations. After the statute had run, the Sierra Club amended its petition to name the developer as the real party in interest. The trial court sustained the developer's demurrer on the basis of the statute of limitations, and dismissed the action against the commissions on the ground that the developer was an indispensable party.

The result was affirmed on appeal. The court noted that "[w]here the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party." (*Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at p. 501.) Since the Sierra Club was seeking to set aside the developer's permit, it was obvious that such relief "would directly affect, and undoubtedly injure, [the developer's] interests." (*Ibid.*) The court further reasoned that the developer met all of the criteria for compulsive joinder under Code of Civil Procedure section 389, subdivision (a)[3] because a disposition in his absence could impair his ability to protect his interest in the action, and his right to collaterally attack an adverse judgment exposed the commissions to the risk of incurring inconsistent obligations. (*Ibid.*) Since the developer could not be joined because the statute had run (*id.* at p. 502), and a judgment in favor of the Sierra Club would have prejudiced the developer and been subject to collateral attack, the court concluded that dismissal was warranted under the factors enumerated in Code of Civil Procedure section 389, subdivision (b).[4]

---

[3] This subdivision reads as follows: "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

[4] This subdivision reads as follows: "(b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be

In attempting to distinguish Hacienda's situation from that of the developer in *Sierra Club,* appellants point out that Hacienda had not concluded an agreement to acquire the site when zoning for the project was approved. In the absence of such an agreement, they characterize Hacienda as a "mere speculator" with no "vested rights" in the project. These points are unpersuasive. Like the plaintiff in *Sierra Club,* appellants are challenging the governmental approvals required for a development they would like to prevent. Like the developer in *Sierra Club,* Hacienda has undertaken the efforts necessary to secure such approvals. Hacienda has a substantial stake in the project by virtue of those efforts, and it would obviously be prejudiced by a successful challenge to the city's zoning decisions. As appellants themselves observe in another context of their brief, "[w]ithout the rezoning there was no project." We therefore conclude that Hacienda is an indispensable party for purposes of appellants' zoning claims.

Cases holding that developers are not indispensable parties do not involve facts analogous to those presented here. The reasoning of *Sierra Club* does not apply where the challenge is to a general plan (*Buena Vista Gardens Apartments Assn.* v. *City of San Diego Planning Dept.* (1985) 175 Cal.App.3d 289 [220 Cal.Rptr. 732]; *Camp* v. *Board of Supervisors* (1981) 123 Cal.App.3d 334 [176 Cal.Rptr. 620]) or a local "sphere of influence" plan (*City of Livermore* v. *Local Agency Formation Com.* (1986) 184 Cal.App.3d 531 [230 Cal.Rptr. 867]) because the determination will apply equally to all developments in the area. Unless a challenge is aimed at a "specific developer," the developer is not exposed to "the prejudice necessary to make it an indispensable party." (*Id.* at p. 545.) Appellants' zoning claims do not involve any development other than the one proposed by Hacienda. Although the challenge in *Citizens Assn. for Sensible Development of Bishop Area* v. *County of Inyo* (1985) 172 Cal.App.3d 151 [217 Cal.Rptr. 893] was aimed at a specific development, that case is also distinguishable. The court held that the owner was not an indispensable party because the developer had been joined and had "ably argued" on behalf of the owner's interests. (*Id.* at p. 161.) Here, although title to the site may pass through the city, the city is neither the owner nor the developer and it cannot be expected to represent the interests of either of those entities.

We also conclude that it is too late for appellants to amend their complaint to add Hacienda as a party. A developer should not be required to

---

considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder."

postpone a project while awaiting commencement of litigation challenging its legality. (*Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at p. 503.) Although the first amended complaint names 20 Does and alleges ignorance of their true names, it also includes minutes of city council meetings that disclose the developer's identity. Since appellants were not ignorant of the developer's true name, they cannot take advantage of Code of Civil Procedure section 474 to avoid the statute of limitations as to Hacienda. (See 4 Witkin, Cal. Procedure (3d ed., 1985) Pleading, § 432, p. 474 and cases cited.) Since Hacienda cannot be joined in the action, appellants' zoning claims against the city must be dismissed for the same reasons advanced in *Sierra Club.*

We therefore affirm dismissal of the claims set forth in subparagraphs (a), (e), (f), (g), (h), (i), (j), (m) and (n) of the first amended complaint, and the balance of the claim asserted in subparagraph (c).

## C. *Other Claims*

The foregoing discussion has disposed of all of appellants' claims other than those advanced in subparagraphs (b), (o), (p) and (q). ▪ The burden is on appellants to demonstrate that the trial court abused its discretion in sustaining the city's demurrer without leave to amend. (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].) Appellants have not met that burden with respect to these remaining claims. ▪ In this regard, we note that although appellants believe they need not address any issues other than statutes of limitations and failure to join indispensable parties, we are not limited to the grounds specified by the trial court for sustaining the demurrer. (*Stratford Irr. Dist.* v. *Empire Water Co.* (1941) 44 Cal.App.2d 61, 65 [111 P.2d 957].) "As a reviewing court, we are not bound by the construction placed by the trial court on the pleadings but must make our own independent judgment thereon." (*Miller* v. *Bakersfield News-Bulletin, Inc.* (1975) 44 Cal.App.3d 899, 901 [119 Cal.Rptr. 92].) "[I]t is the validity of the court's *action,* and not of the *reason* for its action, which is reviewable." (*Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 225 [36 Cal.Rptr. 537].)

▪ Subparagraph (b) alleges that the city is required under its municipal code to employ bidding procedures in connection with the proposed transfer of the site. ▪ Contrary to appellants' assertion, a demurrer does not admit conclusions of law. (*Pan Pacific Properties, Inc.* v. *County of Santa Cruz* (1978) 81 Cal.App.3d 244, 251 [146 Cal.Rptr. 428].) ▪ The city asked the trial court to take judicial notice of section 3.60.090 of its municipal code, which indicates that the city's use of bidding

procedures is discretionary. For purposes of a demurrer, a court may consider matters that are subject to judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Highlanders, Inc.* v. *Olsan* (1978) 77 Cal.App.3d 690, 697 [143 Cal.Rptr. 679].) Appellants have alleged no facts tending to show that failure to follow bidding procedures in this case was an abuse of discretion. Accordingly, the claim in subparagraph (b) was properly dismissed for failure to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).)

■ Subparagraph (o) alleges that the redevelopment agency has subsidized a nonprofit corporation in violation of state law, and subparagraph (p) alleges that the redevelopment agency is improperly "threatening" to provide housing set-aside funds or financing outside of the redevelopment project area. Appellants argue that the redevelopment agency is not an indispensable party for purposes of these claims because it has no "property interest in the property." The claims, however, involve the use of redevelopment agency funds rather than any interest it may have in the site, and we fail to see how relief with respect to such claims may be granted if the redevelopment agency is not a party. We therefore conclude that the redevelopment agency is an indispensable party for purposes of the claims in subparagraphs (o) and (p).

We also conclude that it was not an abuse of discretion to deny leave to amend the complaint to permit belated joinder of the redevelopment agency. Appellants are concerned with the redevelopment agency only insofar as its activities relate to the project, and all of the other allegations of their complaint are time-barred or otherwise defective. In these circumstances, the trial court could conclude that leave to amend would only cause further delay, and that such delay would contravene the legislative policy that actions seeking to prevent housing developments be promptly determined. (See § 65009, subd. (a).)

■ Subparagraph (q) alleges that hearings on the project "were not in accordance with substantive due process." The demurrer was proper as to this claim because it is unintelligible. (Code Civ. Proc., § 430.10, subd. (f).)

### III.  CONCLUSION

The judgment is affirmed.

Poché, Acting P. J., and Channell, J., concurred.