Filed 7/28/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TEMPLETON ACTION COMMITTEE,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN LUIS OBISPO et al.,<br><br>  Defendants and Respondents;<br><br>TEMPLETON PROPERTIES,<br><br>  Real Party in Interest and Respondent. | 2d Civil No. B251788<br>(Super. Ct. No. CV118113)<br>(San Luis Obispo County) |

Plaintiff seeks to set aside a county's decision to allow a development. Here we decide, among other things, that the developer, an indispensable party, may assert the statute of limitations even though it did not comply with Business and Professions Code section 17900, the so-called fictitious name statute. A rule designed for one purpose is not necessarily a rule designed for other purposes. From this it follows that a penalty for one purpose is not necessarily a penalty for other purposes.

Government Code section 66499.37 requires a party seeking to attack an appeal board's or legislative body's decision concerning a subdivision to commence a proceeding and serve the summons within 90 days of the decision. Appellant filed a petition for mandate and administrative mandate attacking the

county's decision approving a subdivision application, but failed to serve the real party in interest within 90 days. The trial court sustained the county's and real party in interest's demurrers without leave to amend. We affirm the ensuing judgment.

FACTS

On January 25, 2011, San Luis Obispo County Board of Supervisors (County) approved on appeal an application for a tentative subdivision map and conditional use permit. On April 25, 2011, the Templeton Action Committee (Committee), a nonincorporated association, filed a petition in superior court challenging the County's approval.

The petition named the County as defendant. It also named Templeton Properties and Will Tucker as real parties in interest (RPI). The petition alleged that Will Tucker, individually and doing business as Templeton Properties, is the project applicant. Templeton Properties is the owner of the land subject to the application.

The petition alleges three causes of action. The first two causes of action are for mandate or administrative mandate to overturn the County's approval. These are alleged against the County and RPI. The third cause of action, for declaratory relief, is alleged against the County only. It alleged that the County has a pattern and practice of ignoring its general plan in approving land use permits.

The Committee served the summons and petition to the County on April 25, 2011. That was 90 days after the County approved the tentative subdivision map and conditional use permit.

On April 25, 2011, the Committee also attempted to serve Templeton Properties and Tucker. The Committee left an envelope with Camile Sundahl at the Templeton Livestock Market office. The process server told Sundahl the envelope was for Bobbie Kay Davis, a partner in Templeton Properties. The Committee attempted to serve Tucker by serving Cindy Chambers of the Wallace Group as his agent.

2

Templeton Properties and Tucker moved to quash service. Templeton Properties declared that it is a general partnership. Sundahl declared she is not an employee or agent of Templeton Properties; her office is not an office of Templeton Properties, and Bobbie Kay Davis does not work in her office. In support of Tucker's motion, Chambers declared she is not Tucker's agent. The trial court granted both motions to quash on April 29, 2011. The Committee did not appeal.

The Committee finally served Bobbie Kay Davis on April 3, 2012. In lieu of a motion to quash, the parties stipulated that Templeton Properties was deemed served as of that date.

Templeton Properties demurred on the ground that the service of the summons and petition was more than 90 days after the County's decision to approve Templeton Properties' project. The County joined in the demurrer on the ground that Templeton Properties, the real party in interest, is an indispensible party.

The trial court sustained the demurrers as to the causes of action for mandate. The cause of action for declaratory relief alleged against the County remains.[1]

DISCUSSION

I.

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

---

[1] The Committee concedes the appeal does not contest the trial court's order as to Tucker. We have dismissed the appeal as to Tucker.

We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of the court's discretion. (*Id.* at p. 274.)

II.

Government Code section 66499.37 provides in part: "Any action or proceeding to attack, review, set aside, void, or annul the decision of an . . . appeal board, or legislative body concerning a subdivision . . . shall not be maintained by any person unless the action or proceeding is commenced and service of summons effected within 90 days after the date of the decision."

The Committee does not contest that Government Code section 66499.37 applies to its causes of action for mandate and administrative mandate. The Committee argues, however, that because the decision of the County's board of supervisors is the only action being attacked, only the County is an indispensible party. The Committee concludes it was not required to serve Templeton Properties. The Committee cites no authority to support its argument. But when plaintiff seeks affirmative relief that would injure or affect a third person's interest, the third person is an indispensible party. (*Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1188.) When plaintiff seeks to set aside a developer's permit, it is obvious that such relief directly affects and can injure the developer's interests. (*Ibid.*) Templeton Properties is an indispensible party that must be served.

The Committee also argues that Templeton Properties is estopped from relying on the statute because it failed to file a fictitious business name statement.

Business and Professions Code section 17900, subdivision (b)(2), requires a general partnership to file a fictitious business name statement if it does business under a name that does not include the surname of each general partner.

4

Templeton Properties concedes it is a general partnership, but does not claim to have complied with the section.

The Committee cites no California authority to support its argument that failure to comply with the statute estops a business from relying on a statute of limitations. Instead, the Committee cites cases from other jurisdictions that have applied estoppel where failure to comply with a similar statute has deprived a party of information necessary to the commencement of litigation. (Citing *Bechtel v. Robinson* (3d. Cir. 1989) 886 F.2d 644; *Munday v. Mayfair Diagnostic Laboratory* (1992, Ky.) 831 S.W.2d 912, 914.)

Whatever may be the law in other jurisdictions, in California the penalty for failure to comply with Business and Professions Code section 17900 is stated in Business and Professions Code section 17918. That section provides the penalty for failure to comply is a bar from maintaining an action on contracts made in the fictitious business name until the statement is filed. That is the sole penalty for failure to comply. (9 Witkin, Summary of Cal. Law (10th ed. 2005) Partnership, § 8, p. 582.)

Moreover, the Committee does not claim that a fictitious business name filing was the only way it could have found the proper parties for timely service. In fact, it unsuccessfully attempted to serve Bobbie Kay Davis on behalf of Templeton Properties on April 25, 2011. That service if successful would have been timely. As the trial court pointed out in its ruling on the demurrer, "[the Committee] does not explain how it was aware of the existence of Bobbie K. Davis as a partner of the partnership at the time it attempted to serve her on behalf of Templeton Properties." In addition, the administrative record identifies Jan F. Davis as one of the landowners, and gives her address. The Committee never attempted to serve her.

The Committee argues service on Templeton Properties was satisfied by service on Cindy Chambers on April 25, 2011. But Chambers was served on behalf of Tucker. That service was the subject of a motion to quash. The trial court

5

granted the motion on April 29, 2011. The Committee could have appealed the grant of the motion. (Code Civ. Proc., § 904.1, subd. (a)(3).) The Committee elected not to appeal and the ruling has long since become final. (Cal. Rules of Court, rule 8.104(a).) We have no power to review a judgement or order from which an appeal might have been taken. (Code Civ. Proc., § 906; *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1248.)

Because we affirm the judgment on the merits, we need not consider the respondents' motion to dismiss the appeal based on defects in the appellant's opening brief. That motion is denied. We also deny appellant's request for judicial notice of a letter certifying the results of a search of the County's fictitious name index. The request is an untimely attempt to introduce new evidence on appeal. (See *J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214.)

The judgment is affirmed. Costs on appeal are awarded to respondents.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

6

Dodie A. Harman, Jac Arthur Crawford, Judges

Superior Court County of San Luis Obispo
_____

The Jencks Law Group, Michael R. Jencks for Plaintiff and Appellant.

Rita L. Neal, County Counsel, Elizabeth L. Martyn, Deputy County Counsel for Defendants and Respondents.

Clifford Sarkin for Real Party in Interest and Respondent Templeton Properties.