Filed 6/20/25  Steinbruner v. Soquel Creek Water District CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| REBECCA STEINBRUNER, <br><br> Petitioner and Appellant, <br><br> v. <br><br> SOQUEL CREEK WATER DISTRICT et al., <br><br> Respondents. <br><br><br> CITY OF SANTA CRUZ et al., <br><br> Real Parties in Interest | H051997 <br> (Santa Cruz County <br> Super. Ct. No. 21CV01517) |

In this CEQA[1] action alleging that the post-EIR approval of certain property-related agreements constituted project modifications that necessitated additional environmental review, we affirm a judgment in respondents' favor based on petitioner's failure to timely name and serve a necessary and indispensable real party in interest, pursuant to Code of Civil Procedure section 389 and applicable CEQA statutes.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Initial project approval and prior litigation*

In December 2018, respondent Soquel Creek Water District (water district) initially approved the Pure Water Soquel Groundwater Replenishment and Seawater

---

[1] California Environmental Quality Act, Public Resources Code section 21000, et seq.

Intrusion Prevention Project (project), and certified the Final Environmental Impact Report (Final EIR) for the project pursuant to CEQA. The objective of the project was to increase the sustainability of the water supply by supplementing the natural recharge of the groundwater basin with purified water obtained by treating secondary effluent from the Santa Cruz Wastewater Treatment Facility.

Petitioner Rebecca Steinbruner filed suit in 2019, alleging that the Final EIR and the project approval were inadequate and violated CEQA in various respects. The trial court entered judgment in favor of the water district, and this court affirmed in July 2021 in *Steinbruner v. Soquel Creek Water District* (Jul. 12, 2021, H047733) [nonpub. opn.] (*Steinbruner*).[2]

### B. Subsequent approvals and current lawsuit

Following the initial project approval and certification of the Final EIR, the water district issued several subsequent approvals as it proceeded with project implementation over the ensuing years. For instance, on November 17, 2020, the water district approved an addendum to the Final EIR "to evaluate the potential for any new significant impacts, or a substantial increase in the severity of previously identified significant impacts," in connection with the purchase of certain real property and the approval of treatment processing and facility layout modifications.

In addition, on March 16, 2021, the water district approved an amended design-build agreement for a conveyance infrastructure portion of the project.

Lastly, on May 18, 2021, the water district approved three property-related agreements with nearby landowners as part of the project implementation: (1) a land easement agreement with Twin Lakes Baptist Church for a recharge well; (2) a land lease

---

[2] Petitioner has also brought several other lawsuits challenging aspects of the project which we do not summarize here, as they are not relevant to our resolution of this appeal.

agreement with Cabrillo College for three monitoring wells; and (3) a pipeline easement agreement with the Santa Cruz Seaside Company (Seaside Company).

The pipeline easement agreement with the Seaside Company—which is at issue in this appeal—provides an easement to the water district for a purified water pipeline to be constructed near Auto Plaza Drive, a private road occupied by several automotive businesses, retailers, and repair shops, in addition to a temporary construction easement of 14 days. The agreement provides that the pipeline will abut and cross the Seaside Company's property in designated locations. It also provides that the water district will pay the Seaside Company $176,000 for the easement, as well as $1,000 per day that the temporary construction easement exceeds the projected 14 days.

On May 19, 2021, the day after signing the pipeline easement agreement with the Seaside Company, the water district posted a notice of determination pursuant to Public Resources Code section 21152 (NOD) for all three of the property-related agreements summarized above. The NOD stated that the activities encompassed in the property-related agreements were part of the project evaluated in the Final EIR and the 2020 addendum and, "pursuant to Public Resources Code section 21166 and State CEQA Guidelines section 15162, approval of these property-related agreements will result in no new or more severe impacts requiring additional environmental review of the approval action." Further, the NOD expressly identified the three parties to the property agreements—Twin Lakes Baptist Church, Cabrillo College and the Seaside Company—as the persons or entities "undertaking the project, including any private applicant, any other person undertaking an activity that receives financial assistance from the Public Agency as part of the project, and any person receiving a lease, permit, license, certificate, or other entitlement of use from the Public Agency as part of the project."

Petitioner filed the current lawsuit in Santa Cruz County Superior Court on June 18, 2021, alleging that all of the post-Final EIR approvals in 2020 and 2021 constituted project modifications which necessitated additional environmental review pursuant to

3

CEQA. Petitioner later filed the operative first amended petition on April 29, 2022 (petition), naming the water district and its board of directors as respondents, and the City of Santa Cruz, Twin Lakes Baptist Church, and Cabrillo Community College as real parties in interest. However, the petition did not name the Seaside Company as a real party in interest.

The petition alleged that the water district had "significantly altered the Project many times, but steadfastly [relies] on the original [Final EIR] for the modifications that were not even in existence at the time the [Final EIR] was certified because of unknown and inadequate information." Specifically, it alleged that the water district had approved additional modifications to the project on three separate occasions in 2020 and 2021.

Further, the petition alleged that the project was "ever changing as new and different information becomes known …, requiring significant and potentially environmentally-adverse Project modifications." In addition, it contended that the water district had violated CEQA by: failing to actively involve the California Department of Fish and Wildlife in developing meaningful and enforceable mitigation for the project; changing the locations of certain monitoring wells without updating groundwater flow modeling; failing to prepare a subsequent EIR to analyze project modifications; improperly preparing the 2020 addendum; failing to discuss significant changes to the project's conveyance system; and improperly piecemealing environmental analysis of the project and continuing to refer to the Final EIR without any analysis of conveyance system and monitoring well implementation.[3]

### C. Hearing and judgment

Following briefing on the merits, the trial court held a hearing on March 20, 2024.

On March 28, 2024, the trial court entered its order of judgment denying the petition (judgment). The court first held that petitioner's challenges to the approvals

---

[3] Petitioner also alleged violations of certain state and federal laws related to the water district's purported failure to provide a "final anti-degradation analysis."

granted on November 17, 2020, and March 16, 2021, were time-barred pursuant to the 30-day statute of limitations in Public Resources Code section 21167, subdivision (e). As a result, the court stated, only petitioner's challenge to the May 18, 2021, property-related agreements remained for consideration.

With respect to those challenges, though, the court held they must be dismissed in their entirety for the failure to have named the Seaside Company as a necessary and indispensable party. According to the court, the Seaside Company was a necessary party pursuant to Code of Civil Procedure section 389, subdivision (a), and Public Resources Code section 21167.6.5, subdivision (a).[4]

The trial court then held that the Seaside Company was an indispensable party as well, pursuant to Code of Civil Procedure section 389, subdivision (b). That statute provides that if a necessary party cannot be joined to the action, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the

---

[4] As discussed further below, Code of Civil Procedure section 389, subdivision (a), provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party." Public Resources Code section 21167.6.5, subdivision (a), provides that the petitioner in a CEQA action "shall name, as a real party in interest, the person or persons identified by the public agency in its [notice of determination]," and "shall serve the petition or complaint on that real party in interest … not later than 20 business days following service of the petition or complaint on the public agency."

5

shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder."  (Code Civ. Proc., § 389, subd. (b).)

The trial court considered the four factors set forth in the statute, and concluded that, "as an entity subject to land use contracts in the modified project, [the Seaside Company] is a necessary and indispensable party."  Specifically, the court found that if petitioner were to obtain the relief it sought, the Seaside Company "would not be covered by any judgment and Respondent would be subject to a contract enforcement action by the Seaside Company. In that event, the Seaside Company could seek to enforce the pipeline easement agreement—resulting in further potential litigation, the expenditure of public funds for an unnecessary easement ($176,000), and exposure to paying Seaside Company's attorneys' fees under the terms of the easement."  "Also important," the court added, "is that the Seaside Company's interests are distinct from Respondent's; the water district cannot be expected to represent the interests of the landowner."

After determining that the Seaside Company was a necessary and indispensable party, the trial court added:  "While turning to the merits of Petitioner's action is not required as discussed above, the Court further finds that Respondent's May 2021 approvals are not evidence of piecemealing. It did not change any aspect of the Project and only enabled the District to move towards implementation of the Project."

The court therefore denied the petition in its entirety and entered judgment in the water district's favor.[5]

Petitioner timely appealed.

---

[5] The court did not address petitioner's non-CEQA causes of action asserting violations of other state and federal laws.

## II. DISCUSSION

Petitioner argues the trial court abused its discretion in determining that the Seaside Company was a necessary and indispensable party. In addition, petitioner argues the trial court had the discretion to order the Seaside Company to be joined as a party, but refused to do so.

As we explain below, we conclude the trial court did not abuse its discretion in determining the Seaside Company was a necessary and indispensable party.

We also conclude the Seaside Company could not have been joined, because the statute of limitations had run.

### A. *Applicable law and standard of review*

Joinder of parties in a civil action is governed by Code of Civil Procedure section 389. (*Pinto Lake MHP LLC v. County of Santa Cruz* (2020) 56 Cal.App.5th 1006, 1013-1014 (*Pinto Lake*).) Subdivision (a) of that statute "defines persons who should be joined in a lawsuit if possible, and are thus deemed necessary to the action." (*Ibid*, citing *County of San Joaquin v. State Water Resources Control Bd.* (1997) 54 Cal.App.4th 1144, 1149.)

"A person subject to service of process whose joinder will not deprive the court of subject matter jurisdiction 'shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.' " (*Pinto Lake, supra*, 56 Cal.App.5th at p. 1014, quoting Code Civ. Proc., § 389, subd. (a).) The inquiry under subdivision (a)(2) is " 'whether the person is one whose rights must necessarily be affected by the judgment in the proceeding.' " (*Pinto*

7

*Lake, supra*, at p. 1014, quoting *Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 696 (*Save Our Bay*).)

CEQA also specifically requires that a petitioner add certain real parties in interest to a lawsuit as necessary parties. Public Resources Code section 21167.6.5, subdivision (a), provides: "The petitioner or plaintiff shall name, as a real party in interest, the person or persons identified by the public agency in its notice filed pursuant to subdivision (a) or (b) of Section 21108 or Section 21152 or, if no notice is filed, the person or persons in subdivision (b) or (c) of Section 21065, as reflected in the agency's record of proceedings for the project that is the subject of an action or proceeding brought pursuant to Section 21167, 21168, or 21168.5, and shall serve the petition or complaint on that real party in interest, by personal service, mail, facsimile, or any other method permitted by law, not later than 20 business days following service of the petition or complaint on the public agency."

This statute was amended in 2011 to clarify who constitutes a real party in interest: "Under former section 21167.6.5(a), petitioners could believe they had named all relevant parties, only to have a court conclude indispensable parties were not named and dismiss the petition. [Citation.] The Legislature thus amended sections 21167.6.5(a) and 21108 to 'provid[e] a bright-line rule as to which persons must be named [and served] in the CEQA complaint.' (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill 320, as amended June 14, 2011, p. 3.) The amendments to sections 21108 and 21167.6.5(a) defined the real parties in interest as 'the person or persons in subdivision (b) or (c) of Section 21065' as identified by the lead agency in its notice of determination or exemption. The Legislature enacted these amendments to eliminate any ambiguity regarding who must be named as a real party in interest. (Sen. Conc. Assem. Amends. to Assem. Bill 320, as amended June 14, 2011.)" (*Save Berkeley's Neighborhoods v. Regents of the University of California* (2021) 70 Cal.App.5th 705, 719 (*Save Berkeley's Neighborhoods*).)

This section thus supplants the first step of the "necessary and indispensable" analysis in Code of Civil Procedure section 389.  (*Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 855 (*Quantification Settlement Agreement Cases*) [applying pre-2011 version of Pub. Resources Code, § 21167.6.5].)  In other words, if a person or entity is a real party in interest that must be named pursuant to Public Resources Code section 21167.6.5, subdivision (a), that person or entity is a necessary party pursuant to Code of Civil Procedure, section 389, subdivision (a).  (*Save Berkeley's Neighborhoods, supra,* 70 Cal.App.5th at p. 719 ["Those entities deemed real parties in interest under section 21167.6.5(a) are considered necessary parties for purposes of Code of Civil Procedure section 389."].)

Where a necessary party has not been joined to an action, "the court shall order that he be made a party."  (Code Civ. Proc., § 389, subd. (a).)  However, a necessary person "cannot be made a party to the action when the statute of limitations has expired."  (*Pinto Lake, supra*, 56 Cal.App.5th at p. 1014, citing *Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1297; *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 567; *Save Our Bay, supra,* 42 Cal.App.4th at p. 699; *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1190; *Sierra Club, Inc. v. California. Coastal Commission* (1979) 95 Cal.App.3d 495, 502–503 (*Sierra Club*).)

If a person or entity cannot be made a party, the court must then consider the specific statutory factors in Code of Civil Procedure section 389, subdivision (b), to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable."  (Code Civ. Proc., § 389, subd. (b); *Pinto Lake, supra*, 56 Cal.App.5th at p. 1013; *Save Berkeley's Neighborhoods, supra,* 70 Cal.App.5th at p. 719 [CCP § 389, subd. (b), analysis remains the same in a CEQA action following 2011 amendments to Pub. Resources Code, § 21167.6.5].)

9

Those statutory factors include: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (Code Civ. Proc., § 389, subd. (b).)

Those factors " 'are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another.' " (*Save Berkeley's Neighborhoods, supra,* 70 Cal.App.5th at p. 721, citation omitted.) The statute thus "calls upon the trial court to weigh practical realities and other considerations in determining whether a person is necessary or indispensable." (*Pinto Lake, supra*, 56 Cal.App.5th at p. 1014, citing *Dreamweaver Andalusians, LLC v. Prudential Insurance Company of America* (2015) 234 Cal.App.4th 1168, 1173.)

The California Supreme Court "has warned that courts must ' " 'be careful to avoid converting [section 389 from] a discretionary power or a rule of fairness ... into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.' " ' [Citation.]" (*Deltakeeper v. Oakdale Irrigation District* (2001) 94 Cal.App.4th 1092, 1105 (*Deltakeeper*), quoting *Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 793.)

We review a trial court's determinations about whether a party is necessary and indispensable for abuse of discretion. (*Morrical v. Rogers* (2013) 220 Cal.App.4th 438, 461; see also *Pinto Lake, supra*, 56 Cal.App.5th at p. 1014.) " 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of

10

the law to the facts is reversible only if arbitrary and capricious.' " (*Pinto Lake, supra,* at p. 1014, quoting *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712.)

### B. Analysis

#### 1. Necessary party

As summarized above, the trial court determined that the Seaside Company was a necessary and indispensable party, "as an entity subject to land use contracts in the modified project." The court found that the Seaside Company "would not be covered by any judgment and Respondent would be subject to a contract enforcement action by the Seaside Company," in which case, "the Seaside Company could seek to enforce the pipeline easement agreement – resulting in further potential litigation, the expenditure of public funds for an unnecessary easement ($176,000), and exposure to paying Seaside Company's attorneys' fees under the terms of the easement."

The trial court did not abuse its discretion determining that the Seaside Company was a necessary party. As we have stated, Public Resources Code section 21167.6.5, subdivision (a), now provides "a bright-line rule" specifying who must be named and served in a CEQA petition, defining real parties in interest as the people or entities identified by the lead agency in its notice of determination. (*Save Berkeley's Neighborhoods, supra*, 70 Cal.App.5th at p. 719.)

The water district's NOD for the 2021 property-related agreements expressly identified the Seaside Company as one of the entities "receiving a lease, permit, license, certificate, or other entitlement of use from the Public Agency as part of the project." In other words, pursuant to Public Resources Code section 21167.6.5, subdivision (a), petitioner was required to name and serve the Seaside Company as a real party in interest within 20 business days after service of the petition on the water district, and the Seaside Company was therefore a necessary party. (*Save Berkeley's Neighborhoods, supra,* 70 Cal.App.5th at p. 719 ["entities deemed real parties in interest under section 21167.6.5(a) are considered necessary parties for purposes of Code of Civil Procedure section 389"].)

11

Petitioner has not directly challenged the trial court's determination that the Seaside Company was a necessary party pursuant to Public Resources Code section 21167.6.5, subdivision (a), and Code of Civil Procedure section 389, subdivision (a). Instead, she argues chiefly that the trial court improperly determined that the Seaside Company could not be joined and was indispensable pursuant to Code of Civil Procedure section 389, subdivision (b), which we address in the following sections.[6]

### 2. Ability to be joined

Petitioner argues that the trial court abused its discretion by failing to order the Seaside Company's joinder, which it could have done. Petitioner notes that Code of Civil Procedure, section 389, subdivision (a), provides that if a necessary party has not been joined, "the court shall order that he be made a party." (Code Civ. Proc., § 389, subd. (a).)

The trial court did not expressly conclude in its judgment that the Seaside Company could not be joined to the action. The court merely recited the water district's argument that "the statute of limitations has run, and consequently Santa Cruz Seaside Company cannot be joined, requiring dismissal of Petitioner's claims."

However, because the court proceeded to analyze whether the Seaside Company was an indispensable party, we construe the judgment as having made the requisite interim determination that the Seaside Company could not be joined. (*People v. Giordano* (2007) 42 Cal.4th 644, 666 (*Giordano*) [reviewing court presumes trial court ruling is correct]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*) [all intendments and presumptions are indulged to support trial court ruling on matters as to

---

[6] Petitioner asserts that she "did not include the Seaside Company as real party in interest because the inherent land area included in the easement agreement was relatively insignificant and involved only a small portion of the 4.2 mile-long Project conveyance pipeline area and no well construction." However, she does not cite any authority for the proposition that the relative significance of a particular property is relevant in determining whether a person or entity is a necessary party.

which the record is silent]; *McLear-Gary v. Scott* (2018) 25 Cal.App.5th 145, 159 [reviewing court may reasonably infer trial court's reasoning from the record].)

We further conclude that the trial court correctly determined that the Seaside Company could not be joined. As we have noted, a necessary person "cannot be made a party to the action when the statute of limitations has expired." (*Pinto Lake, supra*, 56 Cal.App.5th at p. 1014; see also, *Organizacion Comunidad de Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 791 ["failure to include a necessary and indispensable party as a real party in interest within the applicable limitations period is a ground for dismissal"].)

Here, the water district filed its NOD for the property-related agreements on May 19, 2021, thereby triggering the running of the 30-day statute of limitations set forth in Public Resources Code section 21167, subdivision (e).[7] Because that 30-day period had expired by the time the parties briefed and argued the matter in the trial court, the Seaside Company could not be joined at that stage.

Although petitioner argues that the trial court could have joined the Seaside Company, she has not addressed this authority or cited any legal support for her position. " 'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citations.] 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*), quoting *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

---

[7] "An action or proceeding alleging that another act or omission of a public agency does not comply with this division shall be commenced within 30 days from the date of the filing of the notice required by subdivision (a) of Section 21108 or subdivision (a) of section 21152." (Pub. Resources Code, § 21167, subd. (e).)

As we explained in our opinion in the previous appeal challenging the project, petitioner is not exempt from compliance with these general rules of appellate procedure merely because she is representing herself. (*Steinbruner, supra,* H047733.) "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation]." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; see also *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 952 ["self-represented parties must follow correct rules of procedure and failure to do so can result in waiver of challenges on appeal"].)

The trial court properly concluded here that the Seaside Company could not be joined to the action.

### 3. *Indispensable party*

As we have stated, in assessing whether a necessary person or entity that cannot be joined is also an indispensable party, the factors to be considered by the trial court include: "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (Code Civ. Proc., § 389, subd. (b).)

Here, the trial court found that the Seaside Company would not be covered by any judgment, whereas the water district would be subject to a contract enforcement action by the Seaside Company. In that case, the Seaside Company could seek to enforce the pipeline easement agreement against the water district, which could result in further litigation and expenditure of public funds for an unnecessary easement and attorneys' fees. In addition, the court noted that the Seaside Company's interests are distinct from the water district, which cannot be expected to represent the Seaside Company's interests.

14

Thus, the trial court expressly determined that a judgment in the absence of the Seaside Company would be prejudicial to the water district because it would still be subject to its obligations in the pipeline easement agreement, even if the court were to invalidate its approval, consistent with the first factor listed in Code of Civil Procedure section 389, subdivision (b).

The court also determined that the Seaside Company's interests "are distinct from Respondent's; the water district cannot be expected to represent the interests of the landowner," consistent with the third factor listed in the statute. The court cited *Save Our Bay* as support for this conclusion. In that case, the court of appeal explained that an indispensable party is not bound by a judgment in an action in which it was not joined. (*Save Our Bay, supra*, 42 Cal.App.4th at p. 693, citing *Greif v. Dullea* (1944) 66 Cal.App.2d 986, 995.) "Thus, a judgment in an action not naming an indispensable party, for example, an action seeking to stop a development, might well be inadequate because it is subject to later collateral attack by the nonjoined indispensable party." (*Save Our Bay, supra,* at p. 693.) The court explained further that the failure to join an indispensable party is not a jurisdictional defect "in the fundamental sense"—instead, " 'even in the absence of an "indispensable" party, the court still has the power to render a decision as to the parties before it which will stand. It is for reasons of equity and convenience, and not because it is without power to proceed, that the court should not proceed with a case where it determines that an "indispensable" party is absent and cannot be joined. [Citation.]' " (*Ibid.*, quoting *Sierra Club, supra*, 95 Cal.App.3d at p. 500.)

Thus, the trial court expressly addressed at least two of the four factors listed in Code of Civil Procedure section 389, subdivision (b). By contrast, the trial court did not appear to directly address the other two factors—the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, and whether the plaintiff or cross-complainant will have an

15

adequate remedy if the action is dismissed for nonjoinder. Nevertheless, we presume the trial court ruling is correct, and all intendments and presumptions are indulged to support the trial court's ruling on matters as to which the record is silent. (*Giordano, supra,* 42 Cal.4th at p. 666; *Denham, supra,* 2 Cal.3d at p. 564.)

More importantly, petitioner has not carried her burden of demonstrating that the trial court abused its discretion in any regard. (*Cahill, supra*, 194 Cal.App.4th at p. 956 [when "appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority" reviewing court may treat the point as forfeited].)

Instead, petitioner argues only that the trial court "failed to provide any legal reference to California contract law that applied to support" the judgment. Petitioner is correct that the trial court did not cite any case law in support of its conclusion that the Seaside Company "would not be covered by any judgment and Respondent would be subject to a contract enforcement action by the Seaside Company," and "the Seaside Company could seek to enforce the pipeline easement agreement."

It is also the case that a party to a contract is not automatically indispensable in every instance. (*Deltakeeper, supra*, 94 Cal.App.4th at p. 1106 ["if a party to a contract were always indispensable in a suit to set aside the contract, it would eliminate the exercise of discretion accorded to the trial court under section 389, subdivision (b)"].)

Nevertheless, the general rule is that "[o]rdinarily where the rights involved in litigation arise upon a contract, courts refuse to adjudicate the rights of some of the parties to the contract if the others are not before it." (*Deltakeeper, supra*, 94 Cal.App.4th at p. 1106, citing *National Licorice Co. v. NLRB* (1940) 309 U.S. 350, 363; see also, *Save Berkeley's Neighborhoods, supra*, 70 Cal.App.5th at p. 722.)

The trial court here cited the pipeline easement agreement in support of its conclusion that a judgment in the absence of the Seaside Company would be prejudicial to the water district because it would be subject to a contract enforcement action by the Seaside Company. Petitioner has not argued to the contrary—other than noting that the

16

trial court identified no legal authority—or pointed to any portion of the pipeline easement agreement itself to demonstrate to the contrary. We consider the argument forfeited. (*Cahill, supra*, 194 Cal.App.4th at p. 956.)

Petitioner separately argues that the trial court "failed to take into consideration that Appellant may not have an adequate remedy if this action is dismissed for nonjoinder." As we have stated, though, we presume the trial court ruling is correct and all intendments and presumptions are indulged to support the trial court's ruling on matters as to which the record is silent. (*Giordano, supra,* 42 Cal.4th at p. 666; *Denham, supra,* 2 Cal.3d at p. 564.) And, despite asserting that the trial court did not take that factor into consideration, petitioner provides no argument as to how that factor weighs against a finding that the Seaside Company is indispensable.

Lastly, petitioner argues that the water district has "unclean hands" because it did not raise the issue of the Seaside Company being a necessary and indispensable party until it filed its respondent's brief in the trial court. The water district contends that "the lack of an indispensable party may be raised at any time," citing *County of Alameda v. State Bd. of Control* (1993) 14 Cal.App.4th 1096. Although it is true that the issue may be raised at any time, it does not follow that a court "cannot consider the complaining party's diligence (or lack thereof) in raising the issue as a factor under subdivision (b) of Code of Civil Procedure section 389 in deciding whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice.' " (*Quantification Settlement Agreement Cases, supra*, 201 Cal.App.4th at p. 861.)

However, petitioner has not pointed to any evidence here that the water district was not diligent in raising the issue for the first time in its respondent's brief. Moreover, petitioner herself conceded that she was aware the Seaside Company was identified as a real party in interest in the NOD, and that she merely elected not to name and serve it when she filed the original petition.

17

The trial court did not abuse its discretion by considering the indispensable party issue upon the water district raising it for the first time in its respondent's brief.

### 4. Merits

We need not address the parties' arguments on the merits of petitioner's CEQA claims because we affirm the trial court's entry of judgment on the ground that the Seaside Company was a necessary and indispensable party.[8]

### III. DISPOSITION

The judgment is affirmed. In the interests of justice, each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

---

[8] As noted above, petitioner also alleged violations of other non-CEQA state and federal laws which the trial court did not address in the judgment. To the extent petitioner sought relief predicated on violations of those laws that might have compelled a different analysis of the indispensable party factors in Code of Civil Procedure section 389, subdivision (b), she has not made any such arguments on appeal.

_____

                    Wilson, J.

WE CONCUR:

_____

Greenwood, Acting P. J.

_____

Grover, J.

*Steinbruner v. Soquel Creek Water District et al.*
H051997